**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 1:00CR161(1)-TH** |
| **vs.** | § | **CASE NO. 1:09CR158(2)-MAC-KFG** |
| | § | |
| | § | |
| **JAMAR DANTRELLE ROSS** | § | |
| | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On September 27, 2018, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision filed in both of the above-styled cases. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute 50 Grams or More of Crack Cocaine, a Class A felony, Jamar Dantrelle Ross ("Defendant") was sentenced on August 9, 2001 in Case No. 1:00-CR-161 by United States District Judge Thad Heartfield. This offense carried a statutory maximum imprisonment term of life imprisonment. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 120 to 135 months. Judge Heartfield sentenced Defendant to 120 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and mental health treatment.

1

In Case No. 1:09-CR-158, Defendant pled guilty to the offense of Possession with Intent to Distribute 50 Grams or More of Cocaine Base, a Class A felony, and he was sentenced on November 15, 2010 by United States District Judge Marcia Crone.  This offense carried a statutory maximum imprisonment term of life imprisonment.  The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 120 to 135 months.  Judge Crone sentenced Defendant to 100 months of imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment.  Judge Crone reduced Defendant's sentence to 72 months on December 27, 2014 pursuant to 18 U.S.C. § 3582(c)(2).

On October 30, 2015, Defendant completed his term of imprisonment and began service of the supervision term.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on September 18, 2018, United States Probation Officer Jason Stewart alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition**):  **The defendant shall not commit another federal, state, or local crime**.  It is alleged that on August 22, 2018 in Smith County, Texas, Mr. Ross was arrested for Possession of a Controlled Substance PG 2 >= 1G , 4G, and Possession of Marijuana < 2 OZ.  Charges are pending.

2. **Allegation 2 (standard condition 2**): **The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer**.  It is alleged that Mr. Ross failed to submit a written report for the months of March and November 2016.

3. **Allegation 3 (standard condition 7):  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that on November 21 and December 9, 2016, Mr. Ross submitted a urine specimen that tested positive for marijuana.  Mr. Ross also tested positive for marijuana on April 24, and August 27, 2018.  On February 20, 2018, Mr. Ross tested positive for cocaine.

4. **Allegation 4 (special condition):  The defendant must reside in a Residential Reentry Center or similar facility, in a community corrections component, for a period of 120 days to commence immediately.  You shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prison's guidelines.**  It is alleged that on August 23, 2018, notification of noncompliance was received from County Rehabilitation Center, Tyler, Texas.  The report advised that Mr. Ross was arrested on August 22, 2018 for Possession of Controlled Substance PG 2 >= 1G < 4G, and Possession of Marijuana < 2OZ.  Mr. Ross was subsequently unsuccessfully discharged from County Rehabilitation on August 23, 2018.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum sentence the Court may impose is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of Controlled Substance and possessing cocaine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment. The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). The Guidelines provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On September 27, 2018, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment, to run concurrently, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment in each case, to run concurrently, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### <u>RECOMMENDATION</u>

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment in each case, to run concurrently, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to

the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment in each case, to run concurrently, with no further supervised release.

So ORDERED and SIGNED this 27th day of September, 2018.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE